IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA, RURAL HOUSING
SERVICE F/K/A FARMERS HOME ADMINISTRATION,
UNITED STATES DEPARTMENT OF AGRICULTURE                         PLAINTIFF

VS.                    CASE NO.  5:08CV00021 JMM

CONSTANCE J. DAVIS, ET AL.                                       DEFENDANTS

**ORDER**

Pending before the Court are the parties' cross motions for summary judgment.  For the reasons stated below, plaintiff's motion is granted (#8) and defendant Constance Davis' motion is denied (#13).

I. *Facts*

On April 22, 1983, defendant signed a promissory note and a subsidy repayment agreement in favor of plaintiff which were secured by a real estate mortgage filed with the Arkansas County Circuit Clerk.  The subsidy repayment agreement specifically stated that the real property described in the mortgage was pledged as security for repayment of any subsidy received and that the property in question was the debtor's residence.

On May 3, 2002, defendant filed a Chapter 13 bankruptcy petition ("petition") along with a Plan of Reorganization ("plan") which indicated that her debt secured by the real estate mortgage was $16,475.00.[1]  Plaintiff filed a Proof of Claim ("claim") stating that defendant

---

[1] The bankruptcy was filed under the name of Constance Clay.  There is no dispute that Constance Clay and Constance Davis are the same person.

1

owed $59,929.33 on the debt. Defendant filed an objection to the claim.

In September of 2002, defendant's plan was confirmed and in October of 2002, a hearing was held in bankruptcy court regarding defendant's objection to plaintiff's claim. Plaintiff did not respond to the defendant's objection. On October 22, 2002, the bankruptcy court sustained defendant's objection and on October 28, 2002, entered an order stating that plaintiff's proof of claim should reflect a secured status of $16,475.00 and an unsecured status of $00.00.

In November of 2006, defendant completed her plan and an Order of Discharge was entered in her case. In December of 2006, the Chapter 13 Trustee filed her Final Report & Accounting indicating that plaintiff had received payments totaling $16,475.00 with interest of $3,502.75.

In December of 2007, plaintiff filed a complaint in state court seeking foreclosure on Lot Eighteen (18), Block Four (4), Third Plat, North Hills Subdivision, to the City of Stuttgart, Northern District of Arkansas County, Arkansas, based upon the mortgage filed in Arkansas County. Plaintiff contended that defendant owed an unpaid principal balance of $12,143.70 plus interest thereon until September 11, 2007 of $1,416.32, an accrued unpaid loan subsidy amount of $36,866.13, and cost and fees of $389.50 for a total of $50,815.65 with a daily interest accrual of $3.68.

Defendant answered and filed a counterclaim contending that she had paid her debt in full based upon the bankruptcy court's determination that plaintiff had a secured claim of $16,475.00.

Plaintiff removed the case to district court and filed a motion for summary judgment seeking an *in rem* judgment against the property in question. By affidavit of Roy G. Smith,

2

Arkansas State Director for Rural Development, plaintiff sought a judgment of $52,302.13 which included the $12,143.70 unpaid sum on the promissory note; $1,977.84 of interest accrued through February 15, 2008, with a $3.69 daily interest rate after that date; a subsidy recapture amount of $36,866.13; and $1,314.46 in costs and fees.

Defendant filed a motion for summary judgment on her counterclaim seeking an order from the Court stating that the debt due plaintiff has been paid in full, and directing plaintiff to prepare and file a Satisfaction of Mortgage or Release of Mortgage with the Arkansas County Circuit Clerk.

II. *Analysis*

It is plaintiff's position that its lien against the secured property survived defendant's Chapter 13 bankruptcy discharge and that the bankruptcy court's order declaring plaintiff's secured claim to be $16,475.00 determined only the amount plaintiff would be paid out of the funds to be distributed under the plan.  Defendant contends that the bankruptcy court's decision regarding the amount of plaintiff's claim is *res judicata* to the amount of the debt and that the debt has been paid in full based upon the Chapter 13 Trustee's Final Report and Accounting which reflected payments to plaintiff in the amount of $16,475.00 plus interest.

One of the basic concepts of bankruptcy law is that a lien passes through bankruptcy unaffected. *See In re Be-Mac Transport Co., Inc.*, 83 F.3d 1020 (8th Cir. 1996); *but see Harmon v. United States Through Farmers Home Admin.*, 101 F.3d 574 (8th Cir. 1996) (listing ways liens may be affected by bankruptcy proceedings).  Defendant concedes that the lien could have survived the bankruptcy, but contends that the amount of the secured lien was modified when the plaintiff filed a proof of claim and the bankruptcy court sustained her objection to that claim.

3

Defendant's argument is supported by *Harmon* which states that "[i]f no proof of claim relating to the lien is filed in the bankruptcy case, the lien will not affected." *See Harmon v. United States Through Farmers Home Admin.*, 101 F.3d at 582. Here, plaintiff file a proof of claim, defendant objected, and the bankruptcy court sustained that objection.

However, in a Chapter 13 bankruptcy, 11 U.S.C. § 1322(b)(2) protects the holder of a secured claim on real property that is a debtor's residence from changes that reduce the value of that claim. *See* Bankr.Code, 11 U.S.C.A. § 1322(b)(2) (stating that a Chapter 13 plan may modify the rights of secured claim holders, except for those secured by a mortgage of the debtor's principle residence); *see also Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106 (1993).

Because defendant cannot reduce the value of plaintiff's claim secured by a mortgage on her residence, the bankruptcy court's order sustaining defendant's objection is *res judicata* only to the amount of the claim allowance, not to the amount of the debt liability. *See In re Bell*, 236 B. R. 426 (N.D. Ala. 1999) (claim allowance and debt liability are different concepts). Plaintiff may proceed with an *in rem* foreclosure on the property at issue.

III. *Conclusion*

Defendant's counterclaim is dismissed with prejudice. Plaintiff has an *in rem* judgment against the property at issue as of February 15, 2008, in the amount of $52,302.13 with a daily interest accrual of $3.69. Judgment will then be entered accordingly.

IT IS SO ORDERED THIS __28__ day of __April__, 2008.

_____
James M. Moody
United States District Judge