IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                  No.  5:08cv00021 JMM

CONSTANCE J. DAVIS, ET AL.                                      DEFENDANT

**JUDGMENT**

Pending before the Court is the application of the plaintiff, United States of America, for default judgment against defendant Constance J. Davis and spouse, if any. Said spouse, Ray Clay, after having been properly served, is in default.  As to Constance J. Davis who answered, plaintiff's summary judgment was granted on April 28, 2008.   It is therefore, ORDERED, DECREED AND ADJUDGED:

1.  The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.  FSA Borrower Constance J. Davis, (now Clay) is in default on her obligation to plaintiff and is indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, in the total principal sum of $12,143.70, plus interest in the sum of $1,977.84, accrued to February 15, 2008,  and thereafter at the daily rate of $3.68 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus advances and recoverable charges, and any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.  There is an accrued unpaid loan subsidy amount of $36,866.13 which is subject to recapture and costs and fees of $1,314.46.  Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the plaintiff is secured by a mortgage recorded as follows:

**RECORDATION**         **BOOK AND PAGE**

4/22/83                 Book 216, Page 127

Plaintiff's mortgage constitutes a good and valid mortgage lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants to the following described property in Arkansas County, Arkansas, Northern District as follows:

> Lot Eighteen (18), Block Four (4), Third Plat, North Hills Subdivision, to the City of Stuttgart, Northern District of Arkansas County, Arkansas.

together with all improvements and appurtenances thereon.

4. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the North front door of the Arkansas County Courthouse, Northern District, Stuttgart, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the

purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If either the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

5.   Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all parties in and to said property and every part thereof shall from that date be foreclosed and forever barred.

6.   The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

7.   The sales proceeds, after expenses of sale shall be paid and distributed as follows: first, to the United States of America, USDA, FSA, to the extent of the indebtedness owed to it secured by its mortgages. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

8.   The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 18 day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE